Exhibit "A"

| RECORDING REQUESTED BY: |  |
|---|---|
| Bank of America, N.A. |  |
| Attn: Home Retention Division |  |
| 7105 Corporate Drive |  |
| (PTX-B-36) |  |
| Plano, TX 75024 |  |
|  |  |
| This document was prepared by Bank of America, N.A. |  |

------------------SPACE ABOVE THIS LINE FOR RECORDER'S USE--------------

**LOAN MODIFICATION AGREEMENT**
**(Fixed Interest Rate)**

This Loan Modification Agreement ("Agreement"), made this 3rd day of December, 2011, between JOSHUA CLUFF and TIFFANY CLUFF (the "Borrower(s)") and Bank of America, N.A., Original Lender/Beneficiary Lender or Servicer ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Deed to Secure Debt (the "Security Instrument"), dated the 21st day of February, 2007 in the amount of 141,300.00 , and (2) the Note bearing the same date as, and secured by, the Security Instrument, and (3) any prior agreements or modifications in effect relative to the Note and Security Instrument which covers the real and personal property described in the Security Instrument and defined therein as the "Property" (See Exhibit A for Legal Description if applicable), located at 351 ASPEN, FREDONIA, AZ 86022 (See Exhibit B for assignments of record if applicable).

The real property described being set forth as follows:

**"SAME AS IN SAID SECURITY INSTRUMENT"**

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows
(notwithstanding anything to the contrary contained in the Note and Security Instrument):

1. As of the 1st day of January, 2012, the amount payable under the Note and Security Instrument (the "Unpaid Principal Balance") is U.S. $143,801.89, consisting of the amount(s) loaned to the Borrower by the Lender which may include, but are not limited to, any past due principal payments, interest, fees and/or costs capitalized to date. All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

2. $6,951.89 of the "New Principal Balance" shall be deferred (the "Deferred Principal Balance") and I will not pay interest or make monthly payments on this amount. The New Principal Balance less the Deferred Principal Balance shall be referred to as the "Interest Bearing Principal Balance" and this amount is $ 136,850.00. Interest will be charged on the Interest Bearing Principal Balance at the yearly rate of 5.000% from the 1st day of January, 2012. The Borrower promises to make monthly payments of

principal and interest of U.S. $ 659.89 beginning on the 1st day of February, 2012, and continuing thereafter on the same day of each succeeding month until the Interest Bearing Principal Balance and all accrued interest thereon have been paid in full. If on 1st day of January, 2052 (the "Maturity Date"), the Borrower still owes amounts under the Note and Security Instrument, as amended by this Agreement, the Borrower will pay these amounts in full on the Maturity Date.

3. I agree to pay in full the Deferred Principal Balance and any other amounts still owed under the Note and Security Instrument by the earliest of: (i) the date I sell or transfer an interest in the Property, (ii) the date I pay the entire Interest Bearing Principal Balance, or (iii) the Maturity Date.

4. If I make a partial prepayment of Principal, the Lender may apply that partial prepayment first to any Deferred Principal Balance before applying such partial prepayment to other amounts due.

5. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

    If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

6. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

(a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note, including, where applicable, the Timely Payment Rewards rate reduction, as described in paragraph 1 of the Timely Payment Rewards Addendum to Note and paragraph A.1. of the Timely Payment Rewards Rider. By executing this Agreement, Borrower waives any Timely Payment Rewards rate reduction to which Borrower may have otherwise been entitled; and

(b) all terms and provisions of any adjustable rate rider, or Timely Payment Rewards Rider, where applicable, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

7. The Borrower will make such payments at Bank of America, N.A. PO BOX 660833 DALLAS, TX 75266 or at such other place as the Lender may require.

8. Nothing in this agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and the Borrower and Lender will be bound by, and comply with, all terms and provisions thereof, as amended by this Agreement.

9. In consideration of this Modification, Borrower agrees that if any document related to the Security Instrument, Note and/or Modification is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the loan as modified, or is otherwise missing, Borrower(s) will comply with Lender's request to

execute, acknowledge, initial and deliver to Lender any documentation Lender deems necessary. If the original promissory note is replaced the Lender hereby indemnifies the Borrower(s) against any loss associated with a demand on the original note. All documents Lender requests of Borrower(s) shall be referred to as "Documents." Borrower agrees to deliver the Documents within ten (10) days after receipt by Borrower(s) of a written request for such replacement.

As evidenced by their signatures below, the Borrower and the Lender agree to the foregoing.

_Joshua Cluff_  Dated: 12/20/2011
JOSHUA CLUFF

_[signature]_  Dated: 12/20/2011
TIFFANY CLUFF

DO NOT WRITE BELOW THIS LINE.

*****************************************************************************************************

THIS SECTION IS FOR INTERNAL BANK OF AMERICA, N.A. USE ONLY

Bank of America, N.A.
7105 Corporate Drive
(PTX-B-36)
Plano, TX 75024

By: _____   Dated: _____

RECORDING REQUESTED BY
Bank of America, N.A.
Attn Home Retention Division: CA6-919-01-43
400 National Way
Simi Valley, CA 93065

----------FOR INTERNAL USE ONLY----------------------------------------

## MODIFICATION BANKRUPTCY DISCLOSURE RIDER

THIS MODIFICATION BANKRUPTCY DISCLOSURE RIDER, effective the 1st day of January, 2012, is incorporated into and shall be deemed to amend and supplement the Loan Modification Agreement of the same date made by JOSHUA CLUFF and TIFFANY CLUFF, and Bank of America, N.A. (Lender), covering the Property described in the Loan Modification Agreement Located at 351 ASPEN, FREDONIA, AZ 86022.

Borrower understands and acknowledges that if Borrower breaches any of the terms and conditions of the Loan Modification Agreement, including but not limited to timely making the payments described in the Loan Modification Agreement, that Lender has the right to foreclose the Property in accordance with the terms and conditions of the underlying Security Instruments.

In addition to the covenants and agreements made in the Loan Modification Agreement, the Borrower and Lender covenant and agree as follows:

1. Borrower was discharged in a Chapter 7 bankruptcy proceeding after the execution of the Note and Security Instruments;
2. Borrower has or reasonably expects to have the ability to make the payments specified in the Loan Modification Agreement; and
3. The Loan Modification Agreement was entered into consensually and it does not affect the discharge of Borrower's personal liability on the Note;

Borrower understands and acknowledges that Borrower has had an opportunity to consult an attorney of Borrower's own choosing before Borrower executed the Loan Modification Agreement or this Modification Bankruptcy Disclosure Rider, and Borrower has either consulted with an attorney or has declined the opportunity to consult with an attorney.

_Joshua Cluff_____ Dated: 12/20/2011
JOSHUA CLUFF

_____ Dated: 12/20/2011
TIFFANY CLUFF

*******************************************************************************
Bank of America, N.A.